# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| John L. Cline, ) | Civil Action No. 1:10-1352-MBS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Network Security Services, LLC; ) | |
| Alexei S. Haughom; and James ) | |
| Haughom, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff John L. Cline filed the within action on April 21, 2010 in the Charleston County Court of Common Pleas against Network Security Services, LLC; Alexei S. Haughom; and James Haughom (collectively "Defendants"). On May 14, 2010, Plaintiff filed an amended complaint alleging the following causes of action: 1) breach of contract; 2) violation of the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, *et. seq.*; 3) wrongful termination in violation of public policy; 4) breach of contract accompanied by a fraudulent act; 5) promissory estoppel; and 6) quantum meruit. On May 24, 2010, Defendants removed the action to federal court based upon diversity jurisdiction. This matter is before the court on Plaintiff's motion to remand, which was filed on June 18, 2010. Defendants responded on July 6, 2010 and on July 17, 2010, Plaintiff replied.

## **FACTS**

Plaintiff's prayer for relief in his amended complaint states:

> WHEREFORE, the Plaintiff prays for Judgment against Defendants providing Plaintiff with the following relief:
>
> A) As to Plaintiff's First, Fifth, and Sixth Causes of Action, for such an

            amount of actual and special damages as the trier of fact may find, prejudgment interest, and the costs and disbursements of this action;

    B)    As [to] Plaintiff's Second Cause of Action, for such an amount of actual, special and treble damages, as the trier of fact may find, prejudgment interest, and the costs and disbursements of this action, including reasonable attorney's fees;

    C)    As to Plaintiff's Third and Fourth Causes of Action, for such an amount of actual, special, and punitive damages as the trier of fact may find, prejudgment interest, and the costs and disbursements of this action;

    D)    An Order from this Honorable Court providing reinstatement of Plaintiff's previous employment or similar employment; and

    E)    Any such other and further relief that this Court deems just and proper.

**The Plaintiff prays for any and all damages in an amount not to exceed Seventy-Four Thousand Nine Hundred Ninety-Nine (74,999.99) Dollars.**

Pl. Amend. Compl. at 13-14 (emphasis in original).

## DISCUSSION

Title 18, United States Code, Section 1441(a) permits defendants to remove civil actions from state court to the federal district court embracing the place where the action is pending, if the district court has original jurisdiction over the action. 18 U.S.C. § 1441(a). A district court has original jurisdiction over a civil action if the action either presents a federal question, pursuant to 28 U.S.C. § 1331; or if the action consists of parties with diverse citizenship and the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332. The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).

Defendants removed the within action pursuant to 28 U.S.C. § 1332. The parties do not

2

dispute that diversity of citizenship exists. The issue before the court is whether the amount in controversy requirement for diversity jurisdiction is met. Defendant contends that Plaintiff's prayer for relief is insufficient to limit the amount in controversy in this case to less than $75,000 because Plaintiff's limitation only mentions damages and does not include Plaintiff's claim for attorney's fees[1] or reinstatement. The court disagrees.

Generally speaking, "the sum claimed by a plaintiff in his or her complaint determines the jurisdictional amount, and a plaintiff may plead less than the jurisdictional amount to avoid federal jurisdiction." *Jones v. Allstate Ins. Co.*, 258 F. Supp. 2d 424, 427 (D.S.C. 2003) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."); *Spann v. Style Crest Prods., Inc.*, 171 F. Supp. 2d 605, 608-09 (D.S.C. 2001)).[2] This is because Plaintiff is the master of the complaint. *Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 627 (D.S.C. 2006) (quoting *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996)).

The court construes the language in the prayer for relief contained in Plaintiff's amended complaint as a purposeful limitation on recovery below the jurisdictional amount. *See Brooks v. GAF Materials Corp.*, 532 F. Supp. 2d 779, 782 (D.S.C. 2008) (finding that statements in a

---

[1] The Fourth Circuit has determined that where statutory provisions authorize the recovery of attorney's fees, those fees may be included as part of the amount in controversy. *See Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir.1983).

[2] Defendant's reliance on *Raymond v. Lane Construction Corp.*, 527 F. Supp. 2d 156 (D. Me. 2007) is misplaced. In that case, the plaintiff's complaint expressly limited the amount in controversy to $75,000, but the case was not remanded. *Id.* at 157, 163-64. *Raymond* is inapposite because it is contrary to the case law of this district permitting plaintiffs to limit their amount in controversy to prevent federal jurisdiction even when they are entitled to more.

plaintiff's complaint that the "amount in controversy for the entire proposed Class does not exceed five million dollars" and that "[t]he Plaintiffs' individual recovery, as well as any putative Class Members individual recovery, exclusive of interest and costs, is not to exceed $74,999.00" was a "purposeful limitation on damages to below the jurisdictional amount" and remanding the case to state court); *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 462-63 (D.S.C. 2005) (finding that a prayer for relief asking for treble damages, costs, and attorney's fees; and also seeking a recovery of damages "in an amount to be determined by a jury, but in no event exceeding $74,999.00 per class member, . . . including treble damages" showed that the plaintiff did not intend to recover more than $75,000; and remanding the case to state court). As the master of the complaint, Plaintiff may limit his recovery to prevent federal jurisdiction. The court finds that Plaintiff has limited the amount in controversy in this case to $74,999.99.

In addition, Defendant has not shown that Plaintiff's damages limitation was made in bad faith or that Plaintiff would seek to recover in excess of $75,000 if this case were to proceed to trial. *See Cook v. Medtronic Sofamor Danek, USA, Inc.*, Civil No. 9:06-cv-01995-RBH, 2006 WL 2171130, at *3 (D.S.C. 2006) (indicating that without evidence that a damages limitation was made in bad faith or that the plaintiff would seek to overcome a damages limitation, the defendant did not meet his burden of establishing federal jurisdiction). In support of his motion to remand, Plaintiff has filed a post-removal stipulation that the amount in controversy in this case is limited to $74,999.99. Pl. Stipulation ¶ 3. Plaintiff further stipulates that he will not move to amend his complaint to seek an amount in excess of $74,999.99. Pl. Stipulation ¶ 5. While the amount of a Plaintiff's damages for the purpose of determining the total amount in controversy is set at the time of removal, *see Thompson v. Victoria Fire & Casualty Co.*, 32 F. Supp. 2d 847, 848 (D.S.C. 1999),

Plaintiff's stipulation clarifies Plaintiff's damages limitation, and provides additional evidence of Plaintiff's good faith. *See Cook,* 2006 WL 2171130, at *4 (stating that a stipulation filed after removal, which clarifies that a prayer for relief requesting actual, punitive and treble damages "in an amount that does not exceed $75,000.00" was intended to refer to the entire amount in controversy, supports a finding that a damages limitation was not made in bad faith when the defendant failed to meet his or her burden of establishing federal jurisdiction). The court finds that Defendant has not met his burden of establishing federal jurisdiction.

## CONCLUSION

Plaintiff's motion to remand (Entry 10) is **granted.** This case is remanded to the Charleston County Court of Common Pleas.

**IT IS SO ORDERED.**

                                                 s/ Margaret B. Seymour
                                                 The Honorable Margaret B. Seymour
                                                 United States District Judge

October 14, 2010
Columbia, South Carolina